Ronald DOLE and Carol Dole, Plaintiffs and Appellants,

v.

Lloyd HANSEN and Margaret Hansen, Defendants and Appellees.

Civ. No. 9148.

Supreme Court of North Dakota.

Dec. 31, 1975.

Vogel, Vogel, Brantner & Kelly, Fargo, for plaintiffs and appellants; argued by C. Nicholas Vogel, Fargo.

Johnson, Milloy, Johnson & Stokes, Wahpeton, for defendants and appellees; argued by Mildred Johnson, Wahpeton.

VOGEL, Judge.

This case involves the interpretation of an agreement drawn by appellants without the assistance of a lawyer. The appellants (Doles), who drew the agreement, contend that it is a lease and option and that the option later was exercised. The appellees (Hansens) contend that it was only an agreement to enter into a further contract and that the option provision was without consideration and was withdrawn before acceptance. The trial court found in favor of the Hansens and the Doles appeal. We affirm.

The facts essential to a consideration of the case are summarized, largely from the appellants' brief.

The Doles were transferred to Gwinner, North Dakota, by Mr. Dole's employer. Housing was hard to find. The Doles heard of a farmhouse owned by the Hansens and heard that it was for rent. They discussed the rental of the farmhouse and farmstead, consisting of about six acres. The remainder of the Hansen property, totaling three quarter-sections (480 acres) was subject to a lease for a three-year period to Loy Justesen, who farmed it and paid cash rental.

The parties are in dispute as to what discussions of the possibility of renting or buying the farmland took place.

On the 29th of September, the parties met and Mr. Dole wrote out in longhand the agreement in dispute. Since his handwriting was not legible, his wife recopied it in duplicate, using carbon paper to make the second copy. It was signed by all parties. The Doles assert that it was read aloud, once by Mr. Dole and once by Mrs. Hansen. The Hansens deny any reading, aloud or otherwise, and assert that they were told that the contract was being signed only to show that they owned the land and that a contract would be drafted later by a lawyer for their consideration. Mr. Hansen's eyesight is so bad that he could not read the agreement.

The agreement provides, in pertinent part:

"Agreement made this *29th* day of *Sept.* 1973, between Lloyd and Margaret Hansen, here in after referred to as Owner, and Ronald and Carol Dole, here in after referred to [as] Purchaser.

"Whereas, Owner is in title of a certain farm lands and buildings—described as [description].

"Whereas, Purchaser is desirous of leasing with option to purchase above described property at agreed purchase price of (96,000) ninety-six thousand dollars purchaser agrees to lease above described property upon the following terms and conditions:

"A. The terms of said lease with option shall be for three (3) years commencing on the 1st day of October 1973.

"B. Purchaser agrees to pay owner, its agents or assigns, for rent of said property, the sum of twenty-thousand three hundred forty (20,340.00) dollars payable in equal payments due 1, May and 1, October each and every year until the option is exercised or until October 1, 1976.

"C. It is further agreed that if purchaser can not take pocession [sic] of entire (480) Four Hundred Eighty Acres due to Farm Contract with one Loy Justesen, the rent for period of 1 October 1973 to October 1, 1974 shall be the sum of fifty dollars $50.00 payable first payment due 1, October 1973 and each succeeding month, ending 1, October 1974. For rent of house, barn, out building, and surrounding six (6) acres of above described property.

"D. Real Estate taxes are to be paid by owner during term of lease.

"E. Upon purchaser exercising purchase agreement—owner has (1st) First option of financing (1st) First Mortgage at interest rate of prime rate on date of option be exercised OR October 1, 1976—which ever is first.

"OWNER  
"[Signed] Lloyd Hansen  
"[Signed] Margaret Hansen

PURCHASER  
[Signed] Ronald Dole  
[Signed] Carol Dole"

In writing up the contract, Mr. Dole used a copy of a farm lease with Justesen to obtain the description, and used language from a car-wash rental agreement to which he was a party in another State for some of the other language of the document. It is noteworthy that none of the language of the granting clause of the Justesen contract (a typical farm lease) was used.

The Hansens contend that the parties agreed that the agreement would be redrafted by an attorney, after which the Hansens would have an opportunity to study it and decide whether to grant the option. The Doles admit that all parties planned to have the agreement redrafted, and the Doles had their attorney draw up a new agreement and submitted it to the Hansens, who refused to sign it. The Doles assert that the original agreement was intended to be binding, nevertheless.

The Hansens understood the agreement to provide for the rental of the six-acre tract and house for $50 per month, but not to provide for an option until the contract was rewritten, restudied, and executed.

At the time of the execution of the original agreement, the Doles gave the Hansens a check for $150, which they accepted as three months' rental on the six-acre tract. At the time of trial, the check bore the notation "Rent Oct-Nov-Dec & option." The Hansens assert that the reference to an option was not on the check when they received and negotiated it. Neither party obtained from the bank and offered a photocopy of the check as it appeared when processed by the bank. Further checks for $150 for subsequent three-month periods were sent to the Hansens, but not cashed by them.

On April 8, 1974, the Hansens served notice on the Doles that any option granted under the original agreement was withdrawn and that the contract was without consideration and unenforceable. On May 3, 1974, the Doles served upon the Hansens a formal acceptance of the option to purchase the farm. The acceptance was rejected. It may be noted that the purported acceptance offered to pay only in cash, while the original agreement gave the Hansens the alternative of financing the transaction themselves. However, at the trial the Doles offered to either pay cash or allow the Hansens to finance as provided in the agreement.

After a trial, the trial judge ruled in favor of the Hansens. In a memorandum opinion he pointed out that both parties had tried the case on the theory that the contract was ambiguous and had introduced evidence to explain ambiguities in the contract, particularly as to the meaning of the reference to the prime rate of interest, and that the Doles had their attorney draft a rental-option agreement and submit to the Hansens for their signatures. This agreement varied from the September 29 agreement in that it provided only for a cash payment. The judge further pointed out that both parties testified to an agreement that the September 29 agreement was to be redrawn by an attorney.

The trial court chose to accept the testimony of the Hansens, who contended that the $150 check was only for the rental of the six-acre tract and that the Hansens never received a one-dollar bill which the Doles testified was additional consideration. The court ruled that there was no consideration for the alleged option agreement, and that in the absence of consideration the offer of the option could be withdrawn at any time before acceptance.

The court further found that the agreement of September 29 was "at the most an

agreement to enter into an option agreement."

We affirm primarily because, as the trial court found, the contract was not binding because the parties, or at least the Hansens, intended only to be bound by a subsequent contract in writing, after it had been examined and approved by them. If it was intended that the agreement drafted by the Doles was preliminary and not binding until redrafted, then no contract existed until the redrafted contract was signed. *Bjornson v. Five Star Mfg. Co.*, 61 N.W.2d 913 (N.D.1953); *Metzler v. O. J. Barnes Co.*, 58 N.D. 455, 226 N.W. 501 (1929); *Massee v. Gibbs*, 169 Minn. 100, 210 N.W. 872 (1926).

Both of the Hansens testified that they intended to be bound as to the prospective lease of the farm land and the option only upon execution of the subsequent contract. Mr. Dole admitted that he "suggested that it would be better if a lawyer drew up an agreement, this agreement, and had it notarized."

The fact that the Doles had such an agreement prepared by their lawyer and submitted to the Hansens ". . . is a circumstance of more or less weight in determining whether it [the contract] is to be considered as completed until this is done." *Metzler v. O. J. Barnes Co., supra*, 226 N.W. 501, at 503–504.

Whether an agreement is intended to be binding or whether it is not to be binding until redrafted and reexecuted is a question of fact to be determined by the trier of fact. *Bjornson v. Five Star Mfg. Co., supra.*

So far as the determinations of the trial court are findings of fact, under Rule 52(a), North Dakota Rules of Civil Procedure, we

must affirm unless we find them clearly erroneous. We find no error in them. So far as the determinations are of questions of law, we agree.

The Doles argue that the binding nature of the September 29 agreement is shown by the fact that consideration was given. While the court could have determined that the consideration for the rental of the six-acre tract also provided consideration for the balance of the September 29 agreement,[1] we find no error in the conclusion of the court that the contract was severable and part of it was without consideration, based as it is upon the court's observation of the witnesses and determinations of their credibility. If there was no consideration for the option, it may be withdrawn at any time before acceptance. *Alfson v. Anderson*, 78 N.W.2d 693 (N.D.1956). Additionally, since an offer must be accepted unconditionally, the purported acceptance of May 3, 1974, was not an acceptance but instead was a counteroffer,[2] since it was an offer to pay only in cash and did not provide for the alternative of financing by the Hansens. We do not rest our affirmance on this latter ground, however, because the optionee under the terms of the September 29 agreement would have three years in which to exercise the option if it were legally binding and not validly withdrawn. The three-year period has not yet expired.

In the absence of consideration for the option and in the absence of an unconditional acceptance prior to withdrawal, the Hansens were entitled to withdraw the offered option. *Alfson v. Anderson, supra.*

We affirm primarily because the trial court committed no reversible error in finding that the agreement of September 29

---

1. While it is no doubt true that consideration for an option can be supplied by the consideration for a lease in the same instrument, we note that here the lease was for

six acres and the option for 480 acres, a fact which the court had the right to consider.

2. *Greenberg v. Stewart*, 236 N.W.2d 862 (N.D.1975).

was not intended to be effective until redrafted, reconsidered, and executed by the parties, and secondarily because there was no error in the trial court's determination that the option offer, even if it were valid, was without consideration and was withdrawn prior to acceptance.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.