David AALAND, Plaintiff and Appellant,

v.

**LAKE REGION GRAIN COOPERATIVE, DEVILS LAKE, NORTH DAKOTA,** Defendant and Appellee.

**Civ. No. 930191.**

Supreme Court of North Dakota.

Jan. 20, 1994.

Thomas D. Fiebiger of Anderson & Bailly, Fargo, for plaintiff and appellant.

Peter K. Halbach of Haugland, Halbach and Halbach, Devils Lake, for defendant and appellee.

LEVINE, Justice.

David Aaland appeals from partial summary judgment. We affirm in part and reverse in part.

Lake Region Grain Cooperative hired Aaland as its office manager in March 1986. On March 13, 1991, following several patrons' complaints about Aaland, Lake Region's board of directors voted to let Aaland remain at his job "until a replacement has been found and he finds another position." Although the board discussed setting a specific time limit on Aaland's continued employment, it opted to pass the motion as stated above. The chair notified Aaland of the

board's decision and told him that it should provide him with job security in that he did not have to leave his position until he found another job. In April 1991, Lake Region hired a new general manager. On June 3, 1991, the board's chair again told Aaland that he could retain his position according to the board's decision. Then, on June 26, 1991, Lake Region's general manager fired Aaland.

Aaland brought suit against Lake Region for wrongful termination and overtime compensation under the Fair Labor Standards Act. Aaland claimed that the board's March 13 decision created an employment contract between him and Lake Region, and that by firing him before he found another job, Lake Region breached the contract and its implied covenant of good faith and fair dealing. The trial court granted summary judgment to Lake Region on Aaland's wrongful termination claim, finding that NDCC § 34–03–02 allowed Lake Region to terminate Aaland's employment, that Aaland's employment was at will because it was for an indefinite term, and that North Dakota law precluded a claim under the implied covenant of good faith and fair dealing. Aaland's claim under the Fair Labor Standards Act proceeded to trial and the jury found for Lake Region. Aaland appealed only from the partial summary judgment.

The issue on appeal is whether the trial court erred in granting summary judgment on Aaland's claims of breach of contract and breach of the implied covenant of good faith and fair dealing.[1]

Summary judgment is appropriate if either party is entitled to judgment as a matter of law, if no dispute exists as to either the material facts or their inferences, or if resolving disputed facts would not alter the result. *E.g.*, *Bailey v. Perkins Restaurants, Inc.*, 398 N.W.2d 120 (N.D.1986). We review the facts in the light most favorable to the party opposing summary judgment. *Id.* Applying these principles, we reverse the trial court's order as to the claim of breach of contract and, because Aaland has failed to brief the issue adequately, we affirm as to

---

1. Aaland also raised the issue of whether the timing of the hearing on Lake Region's summary judgment motion was proper, but abandoned this issue at oral argument.

the claim of breach of the implied covenant of good faith and fair dealing.

## I. Breach of Contract

■ North Dakota has codified the at-will doctrine:

> "An employment having no specified term may be terminated at the will of either party on notice to the other, except when otherwise provided by this title." NDCC § 34–03–01.

Under our statute, if there is no fixed duration of employment, generally, there is no employment contract and the employment is at will. Thus, to prevail on his claim for breach of an employment contract, Aaland must produce evidence that there was a contract of employment for a specified term. *Hillesland v. Federal Land Bank Ass'n,* 407 N.W.2d 206 (N.D.1987).

■ The trial court determined that Aaland's employment was for an indefinite duration. Aaland argues that the board's March 13 decision to let him remain at his position until he found another job, the communication of the decision to him, and his continued employment, *see Pine River State Bank v. Mettille,* 333 N.W.2d 622 (Minn. 1983) [applying unilateral contract theory to employment contracts], constitute an employment contract for a definite duration: until he found another job. Generally, whether a contract exists is a question of fact. *E.g., Hirschkorn v. Severson,* 319 N.W.2d 475 (N.D.1982). If the intent of the parties can be ascertained from the agreement alone, then interpretation of the contract is a question of law. *Madler v. McKenzie County,* 467 N.W.2d 709 (N.D.1991). If the terms of a contract are ambiguous, however, extrinsic evidence regarding the parties' intent may be considered, and the terms of the contract and the parties' intent become questions of fact. *Id.*

■ Lake Region argued that the contract was one of indefinite duration and therefore was at will. It is well settled that terms such as "permanent employment," "life employment," and "as long as the employee chooses" are presumed to mean "steady" employment, not employment for a definite duration, and thus generally do not overcome the at-will presumption to create an employment contract.[2] *See, e.g., Hillesland, supra; Aberman v. Malden Mills Industries,* 414 N.W.2d 769 (Minn.Ct.App.1987); *see also* 82 Am.Jur.2d *Wrongful Discharge* § 103 (1992). Here, however, the board's decision to allow Aaland to retain his position until he found another job was not a promise for "permanent" or "life" employment and does not fall under the well settled rule. Instead, it is a promise of a job, the duration of which is determinable by an ascertainable event. The duration of the contract is sufficiently certain even though there is uncertainty over the time the event may happen. *See, e.g., H.L. Miller Mach. Tools, Inc. v. Acroloc Inc.,* 679 F.Supp. 823, 825 (C.D.Ill.1988) ["A duration term need not specify a date or period of time; it can identify some event which will signal termination, even if it is not clear, ex ante, when that event will take place."]. It is unlikely, even impossible, that the facts of this case will give rise to a finding that the parties intended permanent employment. It is much more likely that the factfinder will determine that the parties intended Aaland to be employed for a reasonable time to allow him to look for a job. The intent of the parties, and what constitutes a reasonable time, are matters of fact not properly resolved by summary judgment.

■ As an alternative ground for summary judgment, the trial court determined that NDCC § 34–03–02 authorized Aaland's termination. Section 34–03–02 says:

> "Every employment is terminated by:
>
> 1. The expiration of its appointed term;
> 2. The extinction of its subject;
> 3. The death of the employee; or
> 4. The employee's legal incapacity to act."

*Pine River State Bank v. Mettille,* 333 N.W.2d 622 (Minn.1983); *Ladesic v. Servomation Corp.,* 140 Ill.App.3d 489, 95 Ill.Dec. 12, 488 N.E.2d 1355 (1986).

---

**2.** Courts may enforce contracts for permanent employment when such a promise is expressed in clear and unequivocal terms, or the employee supplies additional consideration uncharacteristic of the employment relationship. *See, e.g.,*

The trial court did not specify which subsection it relied upon. But subsections (3) and (4) do not apply under the facts of this case and subsection (1) does not apply because the trial court found that Aaland's employment was not for a fixed term. That leaves subsection (2), which is also inapplicable because the "extinction of its subject" refers not to the employee's position, but to a specific thing necessary for the performance of the duties of employment. *See* Restatement (Second) of Contracts § 263 cmt. a, illus. 3 (1979) [giving the example where the destruction of a house discharges the duties of the parties under a contract to shingle the roof of the house]; *see also Drake v. Geochemistry & Envtl. Chemistry Research, Inc.*, 336 N.W.2d 666, 668 (S.D.1983) ["Since [the employer] continued to exist and was eventually funded to do the type of work for which Dr. Drake was hired, we cannot say that the subject matter of the employment ceased to exist."]. Therefore, the trial court erred in relying on section 34-03-02.

## II. Breach of the Implied Covenant of Good Faith and Fair Dealing

The trial court granted summary judgment to Lake Region on Aaland's claim that Lake Region had breached its implied covenant of good faith and fair dealing because it found that our holding in *Hillesland, supra,* precluded such a claim. States that have recognized an implied covenant of good faith and fair dealing in at-will employment have done so to alleviate the harshness of the doctrine that at-will employment may be terminated for any reason or no reason. *See Hillesland, supra.* In *Hillesland,* we declined to follow those states which have recognized a bad-faith exception to the at-will doctrine. We stated, "We refuse to recognize a cause of action for breach of an implied covenant of good faith and fair dealing where, as in this case, the claimant relies upon an employment contract which contains no express term specifying the duration of employment." *Id.* at 215.

■■■ Aaland argues that because his employment was for a specified term, *Hillesland* does not apply and therefore his employment contract must contain an implied covenant of good faith and fair dealing. Although we agree that this case is distinguishable from *Hillesland,* we are not convinced that that alone requires us to recognize an implied covenant of good faith and fair dealing. Aaland tells us only that *Hillesland* does not apply to his case; he does not tell us what law does apply. He offers no authority to support his proposition that an implied covenant of good faith and fair dealing exists in every employment contract for a specific duration. Indeed, the language of NDCC § 32-03.2-11(1) suggests the opposite by its implication that exemplary damages are inappropriate in contract actions, and it may be that employment contracts for fixed durations offer enough protection to the parties without an implied covenant of good faith and fair dealing. In any event, Aaland's failure to cite any supporting authority results in inadequate briefing of the issue, which, in another case, could be a significant legal question. Therefore, we decline to reverse the trial court on this issue.

Affirmed in part and reversed in part.

VANDE WALLE, C.J., SANDSTROM, MESCHKE, JJ., and JAMES A. WRIGHT, District Judge, concur.

JAMES A. WRIGHT, District Judge, sitting in place of NEUMANN, J., disqualified.