**WACHTER DEVELOPMENT, L.L.C., Plaintiff, Appellant and Cross–Appellee**

v.

**Arnold A. GOMKE, individually and as agent for co-defendants; Nyla J. Kilber; Wayne A. Kilber; and Luella J. Gomke, Defendants, Appellees and Cross–Appellants.**

Civil No. 950347.

Supreme Court of North Dakota.

Feb. 28, 1996.

Clark J. Bormann (argued), of Bair, Bormann and Bair, Mandan, for plaintiff, appellant, and cross-appellee. Appearance by Bradley J. Beehler.

James P. Rausch (argued), of Rausch Law Office, Bismarck, for defendants, appellees, and cross-appellants.

LEVINE, Justice.

Wachter Development, L.L.C., appeals from a summary judgment dismissing its complaint against Arnold A. Gomke, individually, and as an agent for the other defendants, Nyla J. Kilber, Wayne A. Kilber, and Luella J. Gomke, for specific performance of a contract to sell real property, damages, or other relief. Gomkes and Kilbers cross-appealed from the denial of their request for attorney fees. We reverse and remand.

Gomkes and Kilbers [owners] owned Lots 1–16, Block 6, Imperial Valley Subdivision, in Burleigh County. Wachter offered to purchase the property. All of the owners except Wayne Kilber, who was out of town, accepted the offer and signed the purchase agreement on February 7, 1995. The purchase agreement indicated that Arnold A. Gomke was an agent representing the sellers. When Arnold Gomke gave Wachter the signed purchase agreement, he attached a note stating: "4th owner will sign."

Wachter took steps to resell or develop the property and tendered payment for it. When the owners refused to complete the sale, Wachter sued for specific performance, damages, and such other "relief as the Court may deem just and equitable." Both sides moved for summary judgment. Wachter contended that the three owners who signed the purchase agreement were bound to convey their interests, regardless of whether the nonsigning owner was bound to convey, and that Wachter's partial performance took the agreement out of the statute of frauds, thus binding the nonsigning owner to convey. The owners contended that there was no enforceable contract because not all of the owners signed the contract.

The district court granted the owners' motion for summary judgment. A summary judgment of dismissal was entered and Wachter appealed.

■ Rule 56(c), N.D.R.Civ.P., permits summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Summary judgment is appropriate if either party is entitled to judgment as a matter of law, if no dispute exists as to either the material facts or the inferences to be drawn from them, or if resolving disputed facts would not alter the result. *Aaland v. Lake Region Grain Co-op.*, 511 N.W.2d 244 (N.D. 1994). From our review of the record, we conclude that genuine issues of material fact preclude the entry of summary judgment in this case.

Wachter contends that the three owners who signed the purchase agreement are bound to convey their interests in the property regardless of whether the nonsigning owner is similarly bound. The owners respond that "[t]he offer to purchase must be agreed to by all owners and if all don't agree, there is no contract" and that Wachter "may not force the three owners who did sign to sell and transfer their interest or respond in money damages."

■ Arnold and Luella Gomke owned one-half of the property as joint tenants. Similarly, Nyla and Wayne Kilber owned one-half of the property as joint tenants. Together, Gomkes and Kilbers owned the property as tenants in common. One joint tenant may convey his or her entire interest in the property to a third person. *Robar v. Ellingson*, 301 N.W.2d 653, 662 (N.D.1981).

Joint tenants or tenants in common may sever the tenancy and convey their interests without the consent of all tenants, if they choose to do so. The question here is whether or not the three signing owners may be forced to convey their interests when a fourth owner did not sign the agreement.

 *Robar v. Ellingson, supra,* relied upon by Wachter, involved a deed. In the case of a conveyance by deed, the general rule is:

> "The signature of the deed by some, but not all, of the grantors is considered to be a conveyance of the interest owned by the signing parties, but it is ineffective as to the nonsigning parties. However, if the effectiveness of a signature is conditioned upon obtaining the signatures of all the grantors, then the signature is not effective as to any of the grantors unless all of them sign."

6A *Powell on Real Property,* ¶ 898[1][e], p. 81A–60 (1995). Thus, every signer of a deed conveys whatever interest that signer has. The exception to this general rule is that if each signer intends the other grantors to sign, each signer's signature "is not effective as to any of the grantors unless all of them sign." *Id.* See also *Haugland v. Canton,* 250 Minn. 245, 84 N.W.2d 274, 278 (1957) (deed signed by some, but not all, owners was invalid where the court found "that the signatures were affixed on condition that all of the defendants sign, a condition which was never satisfied"). The instant case involves a land sale contract, rather than a deed. The question is whether the same rule that applies to deeds applies to land sales contracts and whether the same exception to the rule applies.

Wachter asserts in its brief that "the law is the same whether the vendor executes a deed or a purchase agreement." Wachter has not, however, provided us with citations to authorities or persuasive reasoning in support of that assertion. The owners did not respond to that assertion at all. Our research discloses that, generally, in the case of a land sale agreement, "[i]f more than one party is selling or purchasing the property, all co-parties against whom enforcement of the contract is sought must have signed the memorandum in order for the statute of frauds to be satisfied." 6A *Powell on Real Property,* ¶ 880[1][e][i], pp. 81–47, 81–48 (1995). See also *Gunsch v. Gunsch,* 67 N.W.2d 311, 326 (N.D.1954) (one of the deficiencies in a memorandum of an alleged land sale agreement was that it, a check, was "signed by but one of the alleged purchasers"). *But see, Restatement (Second) of Contracts* § 135 (1979): "Where a memorandum of a contract within the Statute is signed by fewer than all parties to the contract and the Statute is not otherwise satisfied, the contract is enforceable against the signers but not against the others." Perhaps the real rule in cases like this is best stated as follows:

> "One cannot, with correctness, say, abstractly, that a contract signed by less than all of the intended, or desired, vendors is binding on the signers, or that it is not so binding; the whole problem is one of the intention of the parties as disclosed in the particular negotiations and in the instrument presented for signature."

W.W. Allen, Annotation, *Contract to Sell Land Not Signed By All of Co-owners as Operative to Cover Interests of the Signers,* 154 A.L.R. 767, 778 (1945).

The parties have not adequately briefed the question of whether the signatures of some, but not all, owners should have the same effect, whether the document involved is a deed or a land sale contract, depending upon whether or not there is a showing that the effectiveness of the signatures was conditioned upon obtaining the signatures of all owners. The parties will have the opportunity to brief this issue on remand.

 If the trial court determines, after proper briefing on remand that the deed rule exception for signatures intended to be binding only if all owners sign applies to land sale contracts, there will remain fact questions. The purchase agreement contains Wachter's offer to purchase the property. Near the end of the contract form is an acceptance provision containing a space for entering the date of acceptance and blank spaces for owner signatures indicating acceptance of the offer. The purchase agreement does not

specify how many people owned the property, but when delivered to Wachter with the signatures of three owners, had attached to it a note stating: "4th owner will sign." It also does not indicate what is to happen if all of the owners do not sign the purchase agreement. Thus, the purchase agreement does not express the parties' intent with regard to what is to happen if the purchase agreement is signed by fewer than all of the owners. "Generally, whether a contract exists is a question of fact." *Aaland v. Lake Region Grain Co-op, supra*, 511 N.W.2d at 246. If the terms of a contract are ambiguous, extrinsic evidence of the parties' intent may be considered and the terms of the contract and the parties' intent become questions of fact. *Id.* In its order granting the defendants' motion for summary judgment, the district court stated that "as a matter of law the Court will not enforce a sale of the undivided interests of the subscribing owners where the intention of the Plaintiff was to acquire the full ownership interests of all parties." Apparently, the district court found that Wachter intended only to buy all of the property from all the owners. But, generally, intent is a matter of fact, unless it can be ascertained from the agreement alone. *Osterman–Levitt v. MedQuest, Inc.*, 513 N.W.2d 70 (N.D.1994). When a court needs to make findings of fact, summary judgment is generally inappropriate. *Brown v. North Dakota State University*, 372 N.W.2d 879 (N.D.1985).

■ The pleadings, answers to interrogatories, admissions, and affidavits in the record do not address the issues of whether or not there is a contract between Wachter and the three owners who signed the purchase agreement, or the parties' intent as to what is to happen if three of four owners sign the purchase agreement.[1] Those questions constitute genuine issues of material fact precluding summary judgment.

■ The owners contend, however, that Wachter may not force the three signing owners to convey or pay damages because the complaint sought "specific performance as to all of the owners or monetary damages," and did not "seek the alternative relief to force the sale of the land by three owners that signed the contract." The complaint seeks specific performance of the contract, damages, and "such other and further relief as the Court may deem just and equitable." The complaint is broad enough to encompass binding the three signing owners even if the nonsigning owners were not bound, if that is what was intended by the parties to the purchase agreement. Rule 8(f), N.D.R.Civ. P., provides that "pleadings shall be so construed as to do substantial justice." *See also* Rule 54(c): "Except as to a party against whom a judgment is entered by default, every final judgment must grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded that relief in the pleadings." The complaint did not preclude Wachter from seeking to bind the three signing owners.

■ Wachter next contends that its part performance took the contract out of the statute of frauds and Wayne Kilber is bound to convey his interest in the property or pay damages even though he did not sign the purchase agreement or any written authority for Arnold Gomke to execute a contract in his stead.

■ Generally, a contract for the sale of land is unenforceable against one who has not signed it. *See* § 9–06–04, N.D.C.C., our statute of frauds, which provides that an agreement for the sale of real property is invalid unless there is a contract, note, or memorandum in writing subscribed by the party to be charged. However, there are exceptions to the statute of fraud's requirement of a signed writing. Section 47–10–01, N.D.C.C., provides that the requirement of a subscribed written instrument does not prevent a court from compelling "specific performance of any agreement for the sale of real property in case of part performance there-

---

1. The owners state in their brief on appeal that "the intention of the parties at all times relevant was the purchase by Wachter of the entire ownership interests and … it was never contemplated that it would seek to purchase individual fractional interests." Factual assertions in a brief are insufficient to raise a genuine issue of material fact to preclude summary judgment under Rule 56, N.D.R.Civ.P. *Kemp v. Grand Forks*, 523 N.W.2d 406 (N.D.1994); *Northwestern Equipment, Inc. v. Badinger*, 403 N.W.2d 8 (N.D. 1987).

of." Part performance consistent only with the existence of an oral contract[2] removes the contract from the statute of frauds. *Williston Co-op. Credit Union v. Fossum*, 459 N.W.2d 548 (N.D.1990).

The part performance relied upon by Wachter consists of negotiating with a possible purchaser of the property and inspecting the property with a developer in anticipation of building on the property. The trial court ruled that those acts were insufficient, as a matter of law, to take the contract out of the statute of frauds. By themselves, negotiating a possible sale of the property and inspecting the property may not be consistent only with the existence of the alleged oral contract and are insufficient to take the alleged contract out of the statute of frauds.[3]

In their cross-appeal, the owners contend that the district court abused its discretion in denying their request for attorney fees on the ground that Wachter's claim was frivolous. In light of our determination that genuine issues of material fact preclude summary judgment, we need not address this issue.

We reverse the summary judgment and remand for further proceedings consistent with this opinion.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.

---

**2.** "The existence of an oral contract is a question of fact." *GeoStar Corp. v. Parkway Petroleum, Inc.*, 495 N.W.2d 61, 66 (N.D.1993). Whether an agreement is intended to be binding is a question of fact. *Dole v. Hansen*, 238 N.W.2d 58 (N.D. 1975).

**3.** Some courts have held that nonsigning owners may be estopped from asserting the statute of frauds to bar enforcement of a land sale contract. *Chapman v. Bomann*, 381 A.2d 1123 (Me.1978); *Farr v. Newman*, 18 A.D.2d 54, 238 N.Y.S.2d 204 (1963). Wachter has not relied on that theory, however.