1998 ND 119

**WACHTER DEVELOPMENT, L.L.C.,
Plaintiff and Appellant,**

**v.**

**Arnold A. GOMKE, individually and as agent for co-defendants; Nyla J. Kilber; Wayne A. Kilber; and Luella J. Gomke, Defendants and Appellees.**

**Civil No. 970362.**

Supreme Court of North Dakota.

June 4, 1998.

Clark J. Bormann (argued), of Bormann Law Office, Bismarck, for plaintiff and appellant.

James P. Rausch (argued), of Rausch Law Office, Bismarck, for defendants and appellees.

MARING, Justice.

[¶ 1] Wachter Development appealed from a judgment dismissing its breach of contract action against Arnold Gomke, individually, and as an agent for the other defendants, Nyla Kilber, Wayne Kilber, and Luella Gomke. We affirm.

[¶ 2] In a prior appeal, *Wachter Development, L.L.C. v. Gomke, et al.*, 544 N.W.2d 127, 129 (N.D.1996), we outlined the factual background for Wachter's breach of contract claim:

> Gomkes and Kilbers [owners] owned Lots 1–16, Block 6, Imperial Valley Subdivision, in Burleigh County [as tenants in common]. Wachter offered to purchase the property. All of the owners except Wayne Kilber, who was out of town, accepted the offer and signed the purchase agreement on February 7, 1995. The purchase agreement indicated that Arnold A. Gomke was an agent representing the sellers. When Arnold Gomke gave Wachter the signed purchase agreement, he attached a note stating: "4th owner will sign."
>
> Wachter took steps to resell and develop the property and tendered payment for it. When the owners refused to complete the sale, Wachter sued for specific performance, damages, and such other "relief as the Court may deem just and equitable." Both sides moved for summary judgment. Wachter contended that the three owners who signed the purchase agreement were bound to convey their interests, regardless of whether the nonsigning owner was bound to convey, and that Wachter's partial performance took the agreement out of the statute of frauds, thus binding the nonsigning owner to convey. The owners contended that there was no enforceable contract because not all of the owners signed the contract.

[¶ 3] In *Wachter*, 544 N.W.2d at 130, we said tenants in common may sever the tenancy and convey their interests without the consent of all tenants, and we examined whether Wachter could force the three owners who signed the purchase agreement to convey their interests in the land. We quoted the general rule for a conveyance by deed from 6A Powell on Real Property, ¶ 898[1][e], p. 81A–60 (1995):

> The signature of the deed by some, but not all, of the grantors is considered to be a conveyance of the interest owned by the signing parties, but it is ineffective as to the nonsigning parties. However, if the effectiveness of a signature is conditioned upon obtaining the signatures of all the grantors, then the signature is not effective as to any of the grantors unless all of them sign.

*Wachter*, 544 N.W.2d at 130. After observing the parties had not adequately briefed whether the deed rule applied to land sales

contracts, we reversed the summary judgment dismissing Wachter's action and remanded to the trial court to decide if the deed rule applied to land sales contracts. *Id.* We said if the court held the deed rule applied to land sales contracts, the court then must decide whether the parties intended the effectiveness of the owners' signatures to be conditioned upon obtaining the signatures of all the owners. *Id.* at 131. We held the part performance relied upon by Wachter to bind the nonsigning owner was not necessarily consistent only with the existence of an alleged oral agreement and, therefore, was insufficient to remove the alleged oral agreement from the statute of frauds. *Id.* at 132.

[¶ 4] On remand, the trial court concluded the deed rule and its exception applied to the parties' purchase agreement and also found the owners did not intend to sell the land unless all of them signed the agreement. The court ruled there was no binding agreement for the sale of the land, because Wayne Kilber did not sign the purchase agreement. Wachter appealed.

[¶ 5] Under N.D.C.C. § 9–06–04(3), an agreement for the sale of real property is invalid unless it is in writing and subscribed by the party to be charged. Our prior decision in *Wachter,* 544 N.W.2d at 130, recognized the legal effect of a signature on a deed by some, but not all, of the joint owners of an interest in real property. After discussing the legal effect of the deed rule and its exception, we cited 6A Powell on Real Property at ¶ 880[l][e][i] for the principle that, in land sales contracts, " '[i]f more than one party is selling or purchasing the property, all co-parties against whom enforcement of the contract is sought must have signed the memorandum in order for the statute of frauds to be satisfied.' " *Wachter,* 544 N.W.2d at 130. We also suggested the real rule for land sales contacts may involve the parties' intentions as disclosed in their negotiations and in the instrument presented for signature. *Wachter,* 544 N.W.2d at 130, *citing* W.W. Allen, Annot., *Contract to Sell Land Not Signed By All of Co-owners as Operative to Cover Interests of the Signers,* 154 A.L.R. 767, 778 (1945).

[¶ 6] In the prior appeal, Wachter argued " 'the law is the same whether the vendor executes a deed or a purchase agreement.' " *Wachter,* 544 N.W.2d at 130. In this appeal, Wachter asserts the exception to the deed rule does not apply to land sales contracts because "[a]n agreement to sell real property binds the seller to execute a conveyance in form sufficient to pass the title to the property" under N.D.C.C. § 47–10–02. Wachter argues the three signing owners could sell their interest in the land, and the deed rule exception should not allow them to avoid their statutory duty to complete the contract.

[¶ 7] Wachter's argument requires application of the deed rule to create a legally enforceable contract against the signing owners, but seeks to avoid application of the deed rule exception. Wachter has cited no authority applying the deed rule, but not the exception, to land sales contracts. Wachter cannot have it both ways, and we decline its invitation to parse the exception from the deed rule and apply only the deed rule to land sales contracts. We need not decide today whether the deed rule and the exception apply to land sales contracts, however, because the trial court's finding the parties intended the conveyance to be contingent upon all four owners signing the purchase agreement is dispositive of Wachter's claim against the signing owners.

[¶ 8] Wachter asserts the evidence was insufficient to prove the land sale was contingent upon all the owners signing the purchase agreement. Wachter claims the parties never discussed the sale being contingent upon all four owners signing the purchase agreement and argues the court clearly erred in finding the land sale was contingent upon that occurrence.

[¶ 9] A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, upon review of the entire evidence, we are left with a definite and firm conviction a mistake has been made. *Longtine v. Yeado,* 1997 ND 166, ¶ 5, 567 N.W.2d 819. Under N.D.R.Civ.P. 52(a), we give due regard to a trial court's opportunity to assess the credibility of the witnesses, and the

court's choice between two permissible views of the weight of the evidence is not clearly erroneous. *Peterson v. Ramsey County,* 1997 ND 92, ¶ 15, 563 N.W.2d 103.

[¶ 10] Although the parties may not have specifically discussed whether the sale was contingent upon all four owners signing the purchase agreement, the evidence establishes the parties' negotiations involved the purchase of all sixteen lots and not the purchase of part of the land. We believe this evidence supports a permissible inference the parties intended the purchase to be an "all or nothing" proposition that was contingent upon all four owners signing the purchase agreement. The trial court's choice of that permissible inference is not clearly erroneous under N.D.R.Civ.P. 52(a). Wachter's reliance on N.D.C.C. § 47–10–02 to bind the signing owners is misplaced because the statute requires "[a]n agreement to sell real property," and under the trial court's findings, there was no agreement to sell unless all four owners signed the purchase agreement. We hold the trial court did not clearly err in finding the parties intended the sale to be contingent upon all four owners signing the purchase agreement.

[¶ 11] Wachter asserts the defendants should be estopped from relying upon the statute of frauds as a defense, and Wayne Kilber should not be allowed to ignore his promise to sell the land simply because he did not sign the purchase agreement.

[¶ 12] In *Lohse v. Atlantic Richfield Co.,* 389 N.W.2d 352, 357 (N.D.1986), we said promissory estoppel requires (1) a promise which the promisor should reasonably expect will cause the promisee to change position, (2) a substantial change in the promisee's position through action or forbearance, (3) justifiable reliance on the promise, and (4) injustice which can only be avoided by enforcing the promise.

[¶ 13] To the extent Wachter's promissory estoppel argument asserts that its part performance removes the contract from the statute of frauds, we adhere to our decision in *Wachter,* 544 N.W.2d at 132, that the part performance relied upon by Wachter was insufficient to take the alleged contract out of the statute of frauds and thus insuffi-

cient to establish a substantial change in its position.

[¶ 14] Furthermore, the trial court found the parties did not intend to sell the land unless all four owners signed the agreement and there was no legally binding agreement to sell the land. Those findings are dispositive of Wachter's remaining promissory and equitable estoppel arguments. *See Lohse,* 389 N.W.2d at 357 (equitable estoppel is unavailable where no legal enforceable oral contract exists between parties).

[¶ 15] Wachter asserts the trial court erred in discharging the lis pendens filed against the property. Because we affirm the judgment dismissing Wachter's action, we also conclude the court did not err in discharging Wachter's lis pendens against the property.

[¶ 16] We affirm the judgment.

[¶ 17] VANDE WALLE, C.J., and NEUMANN, SANDSTROM, and MESCHKE, JJ., concur