740 F.2d 583
 1985 A.M.C. 2237
 Evelyn HILLIER, Individually and as Administratrix of the
Estate of Henry Hillier, Deceased, Plaintiff-Appellant,
v.
SOUTHERN TOWING COMPANY, Defendant and Third-Party Plaintiff,
and
United States of America, Third-Party Defendant.
In the Matter of the Complaint of MEMPHIS TOWING COMPANY, a
Corporation, for Exoneration from, or Limitation
of Liability, Appellee.
In the Matter of the Complaint of C.F. INDUSTRIES, INC., as
Bareboat Charterer and Owner pro hac vice of the BARGE
CF-105-B, for Exoneration from, or Limitation of Liability, Appellee.
 No. 83-1702.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 11, 1984.
Decided Aug. 3, 1984.
 
 Jerome J. Schlichter, Carr, Korein, Kunin, Schlichter & Brennan, East St. Louis, Ill., for plaintiff-appellant.
 Joel Goldstein, Goldstein & Price, St. Louis, Mo., for defendant and third-party plaintiff.
 Before FLAUM, Circuit Judge, PELL, Senior Circuit Judge, and KELLAM, Senior District Judge.*
 FLAUM, Circuit Judge.
 
 
 1
 The sole issue presented for review in this court is whether the district court, pursuant to its admiralty jurisdiction, erroneously denied the plaintiff prejudgment interest on the damages award for future loss of support and services, pain and suffering, and loss of society for the death of her husband. For the reasons which follow, we affirm in part and reverse in part.
 
 I.
 
 2
 This suit stems from the accidental death of Henry Hillier in September 1979. The defendants-appellees filed Petitions for Exoneration or Limitation of Liability in Admiralty. Although defendants initially denied liability for plaintiff's wrongful death claims, prior to trial they filed unqualified admissions of liability. The case proceeded to trial only on the issue of damages. A companion civil case against Southern Towing Company was tried contemporaneously before a jury and the same jury served in an advisory capacity for the admiralty claims.[1]
 
 
 3
 After trial the jury assessed the plaintiff's damages at $520,000. The district judge, sitting in admiralty, adopted the jury's assessment and entered judgment against defendants-appellees in that amount. The damages were broken down as follows: $35,000 for past support; $210,000 as the present value of the future loss of support (discounted to time of trial); $95,673 as the present value for future services; $6,583.35 for past loss of services; $5,000 for decedent's conscious pain and suffering; and $172,743.65 for loss of society. After extensive briefing on the issue, the district court awarded prejudgment interest on past loss of support and services but denied prejudgment interest on the damages for future loss of support and services and on damages for pain and suffering and loss of society. Plaintiff appeals from the judgment of the district court.
 
 II.
 
 4
 Upon a review of the case law cited by the parties it is evident that there are "well-established" rules that, upon further investigation, are not that "well-established" in actuality. Plaintiffs assert that the propriety of awards of prejudgment interest in admiralty cases is clearly settled.[2] Masters v. Transworld Drilling Co., 688 F.2d 1013 (5th Cir.1982). McCormack v. Noble Drilling Corp., 608 F.2d 169 (5th Cir.1979). The decision of whether to award prejudgment interest lies within the sound discretion of the district court; however, it is an abuse of discretion to deny prejudgment interest absent "peculiar circumstances" justifying denial. Noritake Co., Inc. v. M/V Hellenic Champion, 627 F.2d 724 (5th Cir.1980); see also First National Bank of Chicago v. Material Service Corp.
 
 
 5
 "Peculiar circumstances" have been found to justify denial of prejudgment interest in circumstances where, for example, the plaintiff improperly delays the pursuit of a claim; or where there is a genuine dispute over a good faith claim in situations of mutual fault. Noritake, 627 F.2d at 728. The existence of "peculiar circumstances" is a factual issue and is reviewed on the basis of a "clearly erroneous" standard. Id. at 729. If the determination is not clearly erroneous, the appellate court reviews the award or denial of prejudgment interest for abuse of the trial court's discretion. Id.
 
 
 6
 The other "well-established" rule in admiralty cases, cited by defendants, is that the doctrine of restitutio in integrum controls the determination of the appropriateness of the award of prejudgment interest. The doctrine of restitutio in integrum provides that a plaintiff is to be placed in the position previously enjoyed prior to the time he or she sustained damages; the plaintiff is to be made whole, in monetary terms. See Petition of the City of New York, 332 F.2d 1006 (2d Cir.1964); National Airlines v. Stiles, 268 F.2d at 405. Defendants suggest that plaintiff has already been made whole by the award and, therefore, prejudgment interest was appropriately denied.
 
 
 7
 These two "well-established" doctrines are not mutually exclusive, rather, the two doctrines complement one another. Prejudgment interest has often been awarded to recovering plaintiffs in order to award "fair and just compensation for the pecuniary loss sustained" thereby making plaintiffs whole. First National Bank of Chicago v. Material Service Corp., 597 F.2d at 1121; National Airlines v. Stiles, 268 F.2d at 405. The award of prejudgment interest is only designed to compensate a plaintiff and is not awarded as a penalty. Noritake, 627 F.2d at 728. The real dispute arises in the interpretation of the doctrine of restitutio in integrum and how courts assess damages.
 
 
 8
 While it is clear that an award of prejudgment interest in admiralty is appropriate, what is unclear is how and when prejudgment interest is to be added to the damages award. See generally Annot., 34 A.L.R.Fed. 126 (1977). Several courts, without much discussion have awarded prejudgment interest on the entire damages award. See Drachenberg v. Canal Barge Company, 621 F.2d 760 (5th Cir.1980); McCormack v. Noble Drilling Corp., 608 F.2d 169 (5th Cir.1979). Other courts have tried to calculate damages more precisely by dividing damages into past and future losses. These courts have discounted the present value for future losses to the date of trial and awarded prejudgment interest only for those losses accruing prior to judgment. Petition of the City of New York, 332 F.2d at 1008-9; Red Star Towing & Transportation Co., Inc. v. Cargo Ship "Ming Giant", 563 F.Supp. 224 (S.D.N.Y.1983); Hamilton v. Canal Barge Company, Inc., 395 F.Supp. 978 (E.D.La.1975); Petition of Marina Mercante Nicaraguense, S.A., 248 F.Supp. 15 (S.D.N.Y.1965), modified on other grounds, 364 F.2d 118 (2d Cir.1966), cert. denied, 385 U.S. 1005, 87 S.Ct. 710, 17 L.Ed.2d 544 (1967). Cf. In Re Air Crash Disaster Near Chicago, 644 F.2d 633 (7th Cir.1981).[3]
 
 
 9
 In turning to the facts of this case, we note that the district judge (and the advisory jury) divided damages for support and loss of services into future and past components. Another aspect of the damages award, loss of society, was not divided into the same components. The judge granted prejudgment interest only for past losses. The district court did not award prejudgment interest on the amount of decedent's pain and suffering or for the plaintiff's loss of society. The district judge noted that the law does not allow for prejudgment interest for the intangible damages of pain and suffering and loss of society.
 
 
 10
 The district court, within its discretion, appropriately divided damages between past and future losses. In addition, the district court properly, within its discretion, refused to award prejudgment interest on the future damages which had been discounted to present value as of the date of the trial. See Petition of the City of New York, 332 F.2d at 1008 ("[t]o the extent that there are elements of future losses which are represented in the final damages prejudgment interest is, of course, not appropriate"); Red Star Towing v. Cargo Ship "Ming Giant"; Hamilton v. Canal Barge Company, Inc., 395 F.Supp. at 992; Petition of Marina Mercante Nicaraguense, 248 F.Supp. at 26.
 
 
 11
 The district court erred, however, in its determination that "the law does not allow for prejudgment interest for ... intangible damages (pain and suffering and loss of society)." Slip op. at 4. Several courts, sitting in admiralty, have awarded prejudgment interest on such intangible damages as pain and suffering, loss of society and loss of nurture and guidance (in cases where there are surviving children). In Petition of Marina Mercante Nicaraguense, the court divided up damages into past and future damages and awarded prejudgment interest on all past damages, including damages for pain and suffering and loss of nurture and guidance. Id. at 25-36. In Hamilton v. Canal Barge Company, Inc., the court divided the damages awards between past and future damages and awarded prejudgment interest on all past damages. The past damages included loss of society and loss of nurture and guidance. (The court found there was no conscious pain and suffering and, consequently, did not award anything on that element of damages.) Id. In Drachenberg v. Canal Barge Company, the court of appeals approved an award of damages that was not divided into past and future components. Prejudgment interest was granted on the entire damages award. The damages included compensation for pain and suffering and loss of society. Id. at 762. We cannot conclude that the law precludes an award of prejudgment interest on intangible damages.[4] We do not find that a court might properly conclude that an award of prejudgment interest is inappropriate under certain circumstances for only intangible damages; we merely conclude that the law does not preclude such an award. The district court erred in concluding that the law did not allow such an award.
 
 III.
 
 12
 The district court erred in its determination that it could not award prejudgment interest for pain and suffering and for past loss of society. Consequently, we reverse and remand that portion of the case denying the plaintiff prejudgment interest for pain and suffering or for past loss of society. The district court should consider if there are any peculiar circumstances precluding awards of prejudgment interest on those two aspects of the damages. If there are no peculiar circumstances, the district court should award the plaintiff prejudgment interest on all the past losses. The district court's judgment denying prejudgment interest of future losses is affirmed.
 
 
 
 *
 Honorable Richard B. Kellam, Senior District Judge for the Eastern District of Virginia, is sitting by designation
 
 
 [1]
 For related litigation see Hillier v. Southern Towing Co., 714 F.2d 714 (7th Cir.1983)
 
 
 [2]
 Federal courts sitting in admiralty have generally been favorable to awards of prejudgment interest and there is a relatively separate body of admiralty case law dealing with the issue. First National Bank of Chicago v. Material Service Corp., 597 F.2d 1110 (7th Cir.1979); National Airlines v. Stiles, 268 F.2d 400, 405 (5th Cir.1959). See also Comment "Prejudgment Interest: Survey and Suggestion" 77 Nw.U.L.Rev. 192, 214 (1982). The rationale for awarding prejudgment interest was that such an award fairly and completely compensated the party sustaining damages because the damaged party lost the use of the ship as well as the use of the damages money prior to judgment. The general admiralty rule favoring awards of prejudgment interest has also been expanded to wrongful death claims and personal injury claims under the Death on the High Seas Act, 46 U.S.C. Sec. 761 et seq., and under the Jones Act, 46 U.S.C. Sec. 688. McCormack v. Noble Drilling Corp., 608 F.2d 169 (5th Cir.1979); National Airlines v. Stiles, 268 F.2d at 400
 
 
 [3]
 In Re Air Crash Disaster Near Chicago, while not directly relevant because it is a diversity case rather than an admiralty suit, is useful as an example of how damages may be calculated. In that case, the district court instructed the jury to calculate the present cash value of plaintiff's damages to be computed as of the date of death. The district court awarded prejudgment interest to bring "death value" to present value as part of plaintiff's "fair and just compensation." This Court affirmed the award of prejudgment interest but instructed that in future cases juries should be instructed to calculate both future and past losses to the date of trial thereby precluding the need to award prejudgment interest. Id. A district court, sitting in admiralty, could follow the same formula
 
 
 [4]
 The distinction between "liquidated" and "unliquidated" damages has not been determinative in admiralty cases. See First National Bank v. Material Service Corp.; Moore-McCormack Lines v. Richardson, 295 F.2d 583, 592 (2d Cir.1961)