In the Matter of the CERTIFICATION OF A QUESTION OF LAW FROM THE UNITED STATES DISTRICT COURT, DISTRICT OF SOUTH DAKOTA, WESTERN DIVISION, Pursuant to the Provisions of SDCL 15–24A–1, and Concerning Federal Action Civ. 84–5097, Titled as Follows:

Pam MEYER, Plaintiff,

v.

DIXON BROTHERS, INC., a corporation, and Ray H. Varner, Defendants.

No. 14867.

Supreme Court of South Dakota.

Argued April 10, 1985.

Decided June 19, 1985.

Mark F. Marshall of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for plaintiff.

Gary D. Jensen of Lynn, Jackson, Shultz & Lebrun, P.C., Rapid City, for defendants.

HENDERSON, Justice.

## ACTION

This is a request for certification by the Honorable Andrew W. Bogue, Chief Judge, United States District Court, District of South Dakota, Western Division, pursuant to SDCL ch. 15–24A concerning prejudgment interest in a personal injury action under South Dakota state statutes.

## FACTS

This case arises from personal injuries sustained by Pam Meyer in a multi-vehicle accident which occurred in the Black Hills in March 1983. Liability is not germane to our decision. Any further discussion of the details of the cause of action is superfluous to the decision of the issues certified by this Court. Essentially, we are confronted with how prejudgment interest should be applied in personal injury actions. This Court accepted three issues in its Order Setting Briefing Schedule and Hearing dated January 31, 1985. We treat these issues separately below.

## DECISION

### I.

WHAT ELEMENTS OF DAMAGES ARE SUBJECT TO PREJUDGMENT INTEREST? IS A SPECIAL INTERROGATORY NECESSARY?

As a general statement, subject to our discussion, we begin by stating that pecuniary or economic loss in personal injury actions are subject to prejudgment interest. Subject to our explanation below, nonpecuniary loss such as pain, mental suffering, and emotional distress, whether denominated past, present, or future, is not subject to prejudgment interest. We hold that a special interrogatory should be submitted to the jury.

Under SDCL 21–1–11,[1] elements of damages upon which prejudgment interest may be allowed are those damages which are 1) certain or capable of being made certain by calculation; and 2) vested as of a particular day. *See Cole v. Melvin*, 441 F.Supp. 193, 210 (D.S.D.1977); *American Property Services, Inc. v. Barringer*, 256 N.W.2d 887, 892 (S.D.1977). If these two statutory conditions are met and the law or the creditor does not prevent the debtor from paying

---

1. SDCL 21–1–11 provides:
   Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt.

the debt, prejudgment interest is properly awarded under this statute.

Under SDCL 21–1–13,[2] interest on damages may be awarded in the jury's discretion in actions "for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice...."

In reviewing the above statutes, this Court, and the Supreme Courts of California and North Dakota have stated that the latter statute applies to tort cases and unliquidated tort claims,[3] and the former (SDCL 21–1–11) applies to liquidated and contractual claims.[4] This Court has further stated that "an award for pain and suffering and the other elements of plaintiff's claim for personal injuries ... are not within the purview of the damages contemplated by SDCL 21–1–11." *American State Bank v. List-Mayer*, 350 N.W.2d 44, 47 (S.D.1984). If such damage elements as mental and physical pain and suffering are not to be awarded prejudgment interest under SDCL 21–1–11, presumably because not certain or vested as of a particular date, are such damages susceptible to prejudgment interest under SDCL 21–1–13?

The California Supreme Court in addressing this issue held that prejudgment interest cannot be attached to general damages awarded for physical, emotional, and mental suffering under a statute identical to SDCL 21–1–13. California's decisional rationale was:

> [D]amages for the intangible, noneconomic aspects of mental and emotional injury are of a different nature. They are inherently nonpecuniary, unliquidated and not readily subject to precise calculation. The amount of such damages is necessarily left to the subjective discretion of the trier of fact. Retroactive interest on such damages adds uncertain conjecture to speculation. Moreover where, as here, the injury was of a continuing nature, it is particularly difficult to determine when any particular increment of intangible loss arose....

> Furthermore, a fact finder in assessing a claim of general damages for physical, mental and emotional suffering, possesses full authority to consider the duration of the alleged suffering. Accordingly, the disallowance of any interest on such a claim does not deprive the claimant of compensation for an element of actual damage. To the contrary, its allowance, in fact, may in a given case create a double recovery.

*Greater Westchester Homeowners Ass'n v. City of Los Angeles*, 26 Cal.3d 86, 103, 603 P.2d 1329, 1338, 160 Cal.Rptr. 733, 741 (1979), *cert. denied*, 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed.2d 22 (1980).

In the present case, plaintiff contends that if the requirements specified in SDCL 21–1–11 are met, he is entitled as a matter of law to prejudgment interest and that all other awards of prejudgment interest for amounts which were unliquidated or not vested on a particular day before trial are within the discretion of the jury under SDCL 21–1–13.

Defendant advocates that if the dictates of SDCL 21–1–11 are first met, i.e., the damages are certain and fixed as of a particular day, the awarding of prejudgment interest is within the jury's discretion under SDCL 21–1–13.

---

**2.** SDCL 21–1–13 provides:

In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury.

**3.** *See Shaffer v. Honeywell, Inc.*, 249 N.W.2d 251, 259 (S.D.1976); *Uhe v. Chicago, Milwaukee & St. Paul R.R. Co.*, 3 S.D. 563, 568, 54 N.W. 601, 602 (1893), *aff'd on rehearing*, 4 S.D. 505, 57 N.W. 484 (1894); *Greater Westchester Homeowners Ass'n v. City of Los Angeles*, 26 Cal.3d 86,

102, 603 P.2d 1329, 1337, 160 Cal.Rptr. 733, 741 (1979), *cert. denied*, 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed.2d 22 (1980); *Bullis v. Security Pacific Nat'l Bank*, 21 Cal.3d 801, 814–15, 582 P.2d 109, 116, 148 Cal.Rptr. 22, 29 (1978); *Patch v. Sebelius*, 349 N.W.2d 637, 643 (N.D.1984); *Vasichek v. Thorsen*, 271 N.W.2d 555, 562 (N.D.1978).

**4.** *Greater Westchester Homeowners Ass'n v. City of Los Angeles*, 26 Cal.3d at 102, 603 P.2d at 1337, 160 Cal.Rptr. at 741.

■ We believe the better rule is espoused by the California courts. If an item of damages constituting a pecuniary or economic loss is certain in amount, fixed as of a particular day, and the debtor has not been prevented by the creditor or the law from paying it, prejudgment interest may be attached to that amount under SDCL 21-1-11. This is a matter of right once established as a matter of proof. If the conditions of SDCL 21-1-11 have been met, the creditor is entitled to prejudgment interest under this statute whether the case sounds of contract or tort. *See Parvin v. Davis Oil Co.*, 655 F.2d 901, 904-05 (9th Cir.1979), *cert. denied*, 445 U.S. 965, 100 S.Ct. 1654, 64 L.Ed.2d 241 (1980); *Marine Terminals Corp. v. Paceco, Inc.*, 145 Cal. App.3d 991, 995, 193 Cal.Rptr. 687, 689 (1983); *Leff v. Gunter*, 33 Cal.3d 508, 519, 658 P.2d 740, 748, 189 Cal.Rptr. 377, 385 (1983); *Levy-Zentner Co. v. Southern Pacific Transp. Co.*, 74 Cal.App.3d 762, 794-98, 142 Cal.Rptr. 1, 22-24 (1977). Examples of such items in personal injury actions are the value of damaged or destroyed property, lost income or wages, and incurred medical expenses. Items which represent an actual economic or pecuniary loss resulting from the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, which are not certain in amount or not fixed as of a certain date, but must be decided by the trier of fact, may be awarded prejudgment interest in the discretion of the jury under SDCL 21-1-13. Examples of such items in personal injury actions are the value of damaged or destroyed property, lost income or wages, and incurred medical expenses where the value of the item or the computation of the loss is disputed by the parties, not ascertainable from truthful or reliable data, and must be determined by the trier of fact based on conflicting evidence. Specific examples of the above would be damaged or destroyed property where the value is not readily ascertainable because of unique qualities or the absence of a common market therefor; and lost income or wages where the extent or the time of loss must be decided by the jury because the person earns income through commissions, sales, or based on other personal productivity which does not have a consistent or established record.

■ Mental, physical, and emotional pain and suffering, and the loss of the enjoyment of life reflecting emotional distress, may not have prejudgment interest attached thereto because they do not constitute a loss or use of money or property and are inherently unliquidated.[5] Thus, nonpecuniary losses are not subject to enhancement by prejudgment interest in the jury's discretion under SDCL 21-1-13.

■ If a tort-plaintiff desires prejudgment interest on permissible damage items under SDCL 21-1-13, he or she must request that special interrogatories be submitted to the jury which outline the type, amount, and date of occurrence of damages found by the jury. A general lump sum award does not distinguish the pecuniary loss items from the nonpecuniary loss items and prejudgment interest could not be attached thereto. *American State Bank v. List-Mayer*, 350 N.W.2d 44.

## II.

IF AN ELEMENT IS SUBJECT TO PREJUDGMENT INTEREST, WHEN DOES THE INTEREST BEGIN TO RUN, FROM THE DATE OF THE INJURY, OR THE DATE IT IS INCURRED (E.G., MEDICAL EXPENSES, PAIN AND SUFFERING, FUTURE DAMAGES, ETC.)?

■ If an item of pecuniary damage is certain or capable of being made certain, and vested as of a particular day, prejudgment interest, of course, begins to run as of that particular day under SDCL 21-1-11. Examples would be lost wages or income, incurred medical expenses, and property

---

5. SDCL 54-3-1 provides: "Interest is the compensation allowed for the use, or forbearance, or detention of money or its equivalent."

damage. Prejudgment interest awarded thereon should run from the date it is incurred, tolled only by a reasonable time within which the debtor has an opportunity to make payment after presentation of a timely statement by the creditor. If an item of pecuniary damage awardable in the jury's discretion in those cases outlined in SDCL 21–1–13, is uncertain or has yet to vest in a particular day before commencement of the action, interest, if any, should be deemed to begin to run on the date determined by the jury. The date that the interest should begin to run under SDCL 21–1–13 is not for the trial court to decide. In this connection, it would not be improper for the trial court to simply state that the award of prejudgment interest is in the discretion of the jury as well as the date it begins to run.

### III.

WHAT PROCEDURE DOES THE JURY USE IN DETERMINING THE AMOUNT OF INTEREST? DOES THE JURY USE THE LEGAL RATE OF INTEREST AS SET OUT IN SDCL 54–3–4 AND SDCL 54–3–16? IS THERE A CEILING ON THE INTEREST RATE USED BY THE JURY? ARE THE PARTIES TO PRESENT EVIDENCE ON WHAT THE MARKET RATE OF INTEREST WAS AT THE TIME OF THE INJURY?

■■■ The jury must answer the special interrogatory by itemizing the elements of pecuniary damage. Assuming that the proof reflects the elements of SDCL 21–1–11, the trial court should mathematically compute the prejudgment interest. Under SDCL 21–1–11, the jury shall not become involved in setting a legal rate of interest. This shall be the function of the trial court using the appropriate statutes. The parties to the litigation shall not be required to present evidence on a market rate of interest. Reference is made to SDCL 54–3–4 which dovetails with and is further explained by SDCL 54–3–16. These two statutes would appear to establish the rate of interest where no rate of interest has been specified under an obligation. SDCL 54–3–5 is a contradistinction, for it pertains to interest payable on money after it becomes due as related to instruments of writing and business. Presently, both SDCL 54–3–4 and SDCL 54–3–5 prescribe an eighteen percent maximum rate of interest under Category C of SDCL 54–3–16.

CERTIFIED QUESTIONS ANSWERED.

All the Justices concur.

WUEST, Circuit Judge, Acting as Supreme Court Justice, participating.