1997 ND 103

**Remy MESSER and Marilyn Messer, Plaintiffs and Appellees,**

v.

**William BENDER, individually and d/b/a William Bender Construction, Defendant and Appellant.**

**Bruce Bender, individually and d/b/a William Bender Construction, Defendant.**

**Civil No. 960304.**

Supreme Court of North Dakota.

June 3, 1997.

Rehearing Denied June 24, 1997.

Daniel L. Hovland of Smith Bakke Hovland & Oppegard, City Center Plaza, Bismarck, for plaintiffs and appellees.

William Bender, Bismarck, pro se.

SANDSTROM, Justice.

[¶ 1] William Bender appeals from a jury verdict finding him negligent in designing and constructing a house and awarding damages to Remy and Marilyn Messer. Bender asks us to determine whether he was properly served, whether he prevails on his counterclaim by default, whether Bruce Bender was properly dismissed, and whether the claims of nuisance and trespass were improperly submitted to the jury. Because Bender has not preserved these issues for our review, we affirm.

I

[¶ 2] William Bender, doing business as William Bender Construction, built a house for Remy and Marilyn Messer in Bismarck, North Dakota. The Messers moved into the house in late August of 1993. Shortly thereafter, they noticed a number of defects in the house and sued William Bender and Bruce Bender, individually and doing business as William Bender Construction, for negligent design and construction. The pretrial conference transcript shows the trial court dismissed Bruce Bender, William Bender's son, as a party.

[¶ 3] At the conclusion of a two-day trial, the jury found for the Messers and awarded $37,120.82 in damages. Bender, who had been represented by counsel to this point,

then chose to proceed without a lawyer. He filed a number of post-trial motions, which the district court denied. Bender appeals from the September 6, 1996, judgment denying his post-trial motions and affirming the jury verdict in its entirety.

[¶ 4] The district court had jurisdiction under N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 5] Bender argues (1) the court did not have personal jurisdiction over him because he was not properly served, (2) his son, Bruce Bender, was not properly dismissed from this action, (3) he prevails by default on his counterclaim because the plaintiffs failed to reply, and (4) the claims of nuisance and trespass were improperly submitted to the jury because they had not been alleged in the complaint. Bender was present at trial and was represented by an attorney.

## A

[¶ 6] "Personal jurisdiction over a person is acquired by service of process in compliance with N.D.R.Civ.P. 4, or if a nonresident makes a voluntary general appearance and fails to assert the lack of personal jurisdiction." *Larson v. Dunn*, 474 N.W.2d 34, 39 (N.D.1991). Under N.D.R.Civ.P. 4(d)(2)(A)(iv), "[p]ersonal service of process within the state [can] be made ... [by] any form of mail addressed to the individual to be served and requiring a signed receipt and resulting in delivery to that individual." The record contains a receipt of delivery of the summons and complaint signed by Elsie Bender. The record also contains an "Admission of Service" signed by Daniel Chapman, Bender's attorney at that time.

[¶ 7] Furthermore, under N.D.R.Civ.P. 12(h), the defense of insufficiency of process is waived if it is "neither made by motion under this rule nor included in a responsive pleading." *Moon v. Moon*, 499 N.W.2d 597, 600 n. 8 (N.D.1993). Bender did not raise the issue of insufficiency of process in his answer and counterclaim. Even if he

was not properly served, Bender waived this claim by failing to raise it in his answer and counterclaim. We conclude the district court had personal jurisdiction over him.

## B

[¶ 8] Next, Bender argues because no formal order dismissing Bruce Bender appears in the record, Bruce Bender was not properly dismissed from this action. At a conference in chambers on April 15, 1996, the Messers' attorney said, "I'm moving the Court at this time to dismiss Bruce Bender from this case with prejudice." The court replied, "I'll grant the motion to dismiss as to Mr. Bender—Bruce Bender and it will be with prejudice." Bender's attorney said his only objection was that the dismissal be "without costs."

[¶ 9] Although the record does not contain a formal written order dismissing Bruce Bender, the transcript can show any action taken by the trial court on a motion. *State v. Grenz*, 437 N.W.2d 851, 852 n. 2 (N.D.1989). It is good practice, however, for trial courts to require the moving party to submit proposed written orders of dismissal for signature and filing. *See State v. Bergeron*, 334 N.W.2d 12, 13 (N.D.1983). The transcript shows the court dismissed Bruce Bender without any objection from William Bender.

[¶ 10] "'[W]e do not consider questions that were not presented to the trial court and that are raised for the first time on appeal.'" *Eastburn v. B.E.*, 545 N.W.2d 767, 773 (N.D.1996) (quoting *American State Bank and Trust Co. of Williston v. Sorenson*, 539 N.W.2d 59, 63 (N.D.1995)); *Bentley v. Bentley*, 533 N.W.2d 682, 683 (N.D.1995); *Klose v. Klose*, 524 N.W.2d 94, 96 (N.D.1994). The rule limiting appeal to issues raised at the trial court stems from the principle:

"[I]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Furthermore, it is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subse-

quently assert error on appeal if the outcome in the trial court is unfavorable."

5 Am.Jur.2d *Appellate Review* § 690 (1995) (footnotes omitted).

[¶ 11] We have said:

"For an effective appeal on an issue, the issue must first have been 'appropriately raised in the trial court so that the trial court could have ruled upon it ... otherwise, it would behoove a defendant to sit by and invite error in the hope that if he did not prevail the first time, he would prevail upon appellate review of invited error.'"

*Beavers v. Walters,* 537 N.W.2d 647, 652 (N.D.1995) (quoting *State v. Moore,* 286 N.W.2d 274, 283 (N.D.1979), *cert. denied,* 446 U.S. 943, 100 S.Ct. 2170, 64 L.Ed.2d 799 (1980)). Because Bender did not timely raise the issue in the trial court, we will not consider it further.

### C

[¶ 12] Bender also argues there is no reply to his counterclaim, and, therefore, he prevails by default. At the conference in chambers on April 17, 1996, Bender's attorney said, "We would ask that the counterclaim be dismissed." The court replied, "All right, that sounds good." The record clearly indicates the counterclaim was dismissed and Bender offered no objection.

### D

[¶ 13] Finally, Bender argues the claims of nuisance and trespass were improperly submitted to the jury because they had not been alleged in the complaint. The record contains "Plaintiffs' Motion to Amend Amend (sic) Complaint" and "Plaintiffs' Brief in Support of Motion to Amend Complaint Re: Nuisance and Trespass." Both documents contain certification Messer's attorney mailed copies to Bender's attorney. Therefore, it appears from the record Bender had notice of these claims before trial.

[¶ 14] Bender has not ordered a trial transcript as required under N.D.R.App.P. 10(b). *See Lake Region Credit Union v. Crystal Pure Water, Inc.,* 502 N.W.2d 524, 526 (N.D.1993) ("Rule 10(b), N.D.R.App.P.,

requires the appellant to furnish a transcript of the proceedings"). "The appellant assumes the consequences and the risk for failure to file a complete transcript." *Lake Region Credit Union; Rosendahl v. Rosendahl,* 470 N.W.2d 230, 231 (N.D.1991). Because the record reflects Bender had notice of these claims before trial, and nothing in the record before us shows a timely objection by Bender to the nuisance and trespass claims submitted to the jury, no error is shown.

### III

[¶ 15] We affirm the judgment of the trial court.

[¶ 16] VANDE WALLE, C.J., and NEUMANN, MARING and MESCHKE, JJ., concur.