1998 ND 228

**Cyndi ROISE, Plaintiff and Appellee,**

v.

**Greg KURTZ, Defendant and Appellant.**

**Civil No. 980102**

Supreme Court of North Dakota.

Dec. 23, 1998.

Michael S. McIntee, McIntee Law Firm, Towner, for plaintiff and appellee.

Lee J. Balerud (argued), Minot, and Paul M. Probst (on brief), Minot, for defendant and appellant.

MARING, Justice.

[¶ 1] Greg Kurtz appealed from a judgment awarding damages to Cyndi Roise for injuries she suffered when Kurtz assaulted her. We affirm.

[¶ 2] On April 3, 1996, during a domestic dispute, Kurtz grabbed Roise by the arms and pushed her to the ground. As a result, Roise suffered injuries to her shoulder and neck. She was treated by several medical doctors and a chiropractor.

[¶ 3] Roise sued Kurtz, and the case was tried to the court. The court found Kurtz had assaulted Roise and awarded her $188,-154 in damages. The court also allowed prejudgment interest on that amount, result-

ing in a total judgment of $209,808. Kurtz appealed.

[¶ 4] Kurtz asserts the trial court abused its discretion when it allowed an orthopedic surgeon and a chiropractor who had treated Roise to give opinion testimony. Kurtz asserts these two doctors were listed as fact witnesses, not experts, in Roise's answers to interrogatories, and therefore should not have been allowed to give expert opinions on the cause of Roise's injuries or on her prognosis.

[¶ 5] Kurtz did not raise this objection at trial when the doctors testified. It is well settled an objection which was not made in the trial court cannot be raised for the first time on appeal. See, e.g., Hendrickson v. Hendrickson, 553 N.W.2d 215, 219 (N.D. 1996); Biteler's Tower Service, Inc. v. Guderian, 466 N.W.2d 141, 147 (N.D.1991). Kurtz therefore has not preserved this issue for appellate review.

[¶ 6] Kurtz next challenges the sufficiency of the evidence to support the trial court's award of damages. Because this was a bench trial, the appropriate standard of review is whether the trial court's findings of fact on damages are clearly erroneous. See N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, upon review of the entire evidence, we are left with a definite and firm conviction a mistake has been made. E.g., Wachter Development, L.L.C. v. Gomke, 1998 ND 119, ¶ 9, 579 N.W.2d 209. Upon review of the record in this case, we conclude the trial court's findings of fact on damages are not clearly erroneous.

[¶ 7] We have considered the remaining issues raised and find they are without merit. The dissent, however, suggests an additional issue has been raised and requires reversal. The dissent concludes the trial court abused its discretion under N.D.C.C. § 32–03–05 by awarding prejudgment interest on all future damages and on past non-economic damages. This issue was not raised by the parties in the trial court or on this appeal, and should not be addressed.

[¶ 8] Kurtz raised no issue in the trial court challenging the court's authority to award prejudgment interest. In his appellate brief to this Court, Kurtz asserted that N.D.C.C. § 32–03–04 applied and that no prejudgment interest should have been allowed on any of the damages because the requisites of that statute had not been met. Section 32–03–04 is the wrong statute: it generally governs prejudgment interest in contract cases. See Stee v. "L" Monte Industries, Inc., 247 N.W.2d 641, 645 (N.D. 1976). Prejudgment interest in tort cases is governed by N.D.C.C. § 32–03–05, which gives the fact finder discretion to award interest. See, e.g., Swain v. Harvest States Cooperatives, 469 N.W.2d 571, 574 (N.D. 1991); Patch v. Sebelius, 349 N.W.2d 637, 643 (N.D.1984); Vasichek v. Thorsen, 271 N.W.2d 555, 562 (N.D.1978). The parties in this case have never cited N.D.C.C. § 32–03–05, either in the trial court or on appeal. Kurtz has never argued that future damages or non-economic damages provide an inappropriate basis for prejudgment interest under the statute. Nor did Kurtz cite to any of the cases, secondary authorities, or policy arguments relied upon by the dissent to conclude prejudgment interest was inappropriate under N.D.C.C. § 32–03–05.

[¶ 9] We have repeatedly held that we will not consider issues raised by the parties for the first time on appeal. E.g., Messer v. Bender, 1997 ND 103, ¶ 10, 564 N.W.2d 291, cert. denied, —— U.S. ——, 118 S.Ct. 306, 139 L.Ed.2d 236 (1997); In re Estate of Peterson, 1997 ND 48, ¶ 19, 561 N.W.2d 618; Hendrickson, 553 N.W.2d at 219. The rule limiting appeal to issues raised in the trial court is based upon the principle that it is "fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider." Messer, at ¶ 10 (quoting 5 Am.Jur.2d Appellate Review § 690 (1995)). As we noted in Estate of Peterson, at ¶ 19, "[t]he purpose of an appeal is to review the actions of the trial court, not to grant the appellant the opportunity to develop and expound on new strategies or theories."

[¶ 10] For similar reasons, we do not consider issues raised for the first time at

oral argument on appeal. *E.g., Varriano v. Bang,* 541 N.W.2d 707, 713 (N.D.1996); *RLI Insurance Co. v. Heling,* 520 N.W.2d 849, 854 (N.D.1994). Issues raised on appeal should be fully briefed, with a fair and adequate opportunity for response from opposing parties. *See RLI Insurance,* 520 N.W.2d at 854.

[¶ 11] If we refuse to consider issues the parties raise too late, it is axiomatic that we should not predicate reversible error upon issues the parties have not raised at all. We have not had the benefit of development of this issue in the trial court through briefing and argument by the parties, or a ruling by the court below. Nor has the issue been briefed on appeal or further evaluated through questioning at oral argument. The rationale for addressing only those issues raised and argued by the parties is particularly strong where, as here, the issue presented is one of first impression and has generated a wide split of authority and competing policy questions among those jurisdictions which have considered it. *Compare Scholz v. Metropolitan Pathologists, P.C.,* 851 P.2d 901, 908–09 (Colo.1993), and *Ruff v. Weintraub,* 105 N.J. 233, 519 A.2d 1384, 1390–91 (N.J.1987), *with Greater Westchester Homeowners Assoc. v. City of Los Angeles,* 26 Cal.3d 86, 160 Cal.Rptr. 733, 603 P.2d 1329, 1338 (Cal.1979). Consideration of this issue on this record is inappropriate.

[¶ 12] On the issues raised by the parties, the judgment is affirmed.

[¶ 13] VANDE WALLE, C.J. and NEUMANN, J., concur.

[¶ 14] The Honorable HERBERT L. MESCHKE, a member of the Court when this case was heard, resigned effective October 1, 1998, and did not participate in this decision.

[¶ 15] The Honorable CAROL RONNING KAPSNER was not a member of the Court when this case was heard and did not participate in this decision.

SANDSTROM, Justice, dissenting.

[¶ 16] I agree with the majority opinion, except for the allowance of prejudgment interest for future damages, and for non-economic damages. Neither issue has previously been ruled on by this Court, and the majority rules contrary to the courts which have analyzed similar statutory provisions.

I

A

[¶ 17] The majority refuses to reach the issue of prejudgment interest, because the issue was not raised in the trial court. The majority states, at ¶ 9: "We have repeatedly held that we will not consider issues raised by the parties for the first time on appeal."

[¶ 18] The majority fails to recognize the requirement to first raise an issue in the trial court is a prudential rule, not a jurisdictional requirement. *See Yee v. City of Escondido,* 503 U.S. 519, 533–38, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992). The rule is a general one with recognized exceptions. *See State v. Zimmerman,* 524 N.W.2d 111, 116 (N.D. 1994); *Morley v. Morley,* 440 N.W.2d 493, 494 (N.D.1989); *Brandner by Brandner v. Allstate Ins. Co.,* 181 Wis.2d 1058, 512 N.W.2d 753 (Wis.1994).

The rule that a reviewing court will address only issues raised in the trial court is not absolute. It is a limitation on the parties to an appeal and not on the reviewing court, and there are numerous situations in which a reviewing court may reach an issue notwithstanding the fact of its being presented for the first time on appeal. Among the most important of these classes of issues are those going to the subject-matter jurisdiction of the court below, or of the reviewing court. In addition, an issue may be treated by an appellate court, although not raised below, where—

—it is one of sufficient public concern.

—it is an issue of judicial administration that seriously affects the fairness, integrity, or reputation of public judicial proceedings.

—it is plainly decisive of the entire controversy on the merits and there was no possible advantage to be had by either party in not obtaining a ruling on it in the trial court.

—it is one of law only.

—it affects the right to maintain the action.

—it involves plain error.

5 Am.Jur.2d Appel. Rev. § 691 (footnotes omitted).

[¶ 19] Here the plaintiff did not request interest in her complaint. She did not seek interest before or during the trial. She did not seek interest in her post-trial brief. There was no mention of interest until the Order for Judgment. Thus, there was no opportunity to raise the issue prior to judgment being ordered.

[¶ 20] The purpose of the rule is judicial efficiency and fairness. An appellate court likes the benefit of the trial court's analysis, and it seems unfair to reverse the trial court in an argument not made to it. This rationale necessarily applies only when there was a reasonable opportunity to raise the issue in the trial court and the complaining party failed to do so. Parties are not barred from bringing on appeal issues they had no reasonable opportunity to raise in the trial court. Such is the case here.

## B

[¶ 21] Issue 6 of the appellant's brief on appeal is: "The trial court erred in awarding pre-judgment interest on the judgment." [1]

[¶ 22] Prejudgment interest is interest calculated on a damage award for the period from the injury until the judgment. *See* N.D.C.C. § 47–14–04 ("Interest is the compensation allowed for the use, or forbearance, or detention of money, or its equivalent."). "Prejudgment interest is normally designed to make the plaintiff whole and is part of the actual damages sought to be recovered." *Monessen S.R. Co. v. Morgan*, 486 U.S. 330, 335, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988).

[¶ 23] The statutory law of North Dakota, N.D.C.C. § 32–03–05 provides:

**1.** Curiously, the majority denies the issue was raised on appeal.

**2.** As one author put it:

Prior to judgment, prejudgment interest on future damages is unnecessary because future damages are not yet due. Prejudgment interest is designed to compensate the plaintiff for the

*When interest in discretion of court or jury.* In an action for the breach of an obligation not arising from contract and in every case of oppression, fraud, or malice, interest may be given in the discretion of the court or jury.

*See also* N.D.C.C. § 32–03–04:

*Interest on damages.* Every person who is entitled to recover damages certain or capable of being made certain by calculation, the right to recover which is vested in the person upon a particular day, also is entitled to recover interest thereon from that day, except for such time as the debtor is prevented by law or by the act of the creditor from paying the debt.

[¶ 24] For discretionary rulings, the standard of review on appeal is abuse of discretion. *See, e.g., Blessum v. Shelver*, 1997 ND 152, 567 N.W.2d 844, 853 (stating a trial court's decision "is discretionary and will not be overturned unless an abuse of discretion has been demonstrated"). A trial court abuses its discretion if it misinterprets or misapplies the law. *Austin v. Towne*, 1997 ND 59, ¶ 8, 560 N.W.2d 895.

## II

[¶ 25] The trial court's awarding prejudgment interest on past damages seems not to be arbitrary, capricious, or unreasonable. Past damages have been incurred, and awarding interest for the period from the injury until the judgment helps make the plaintiff whole by recognizing the time-value of money (having the use of money over time has value). *See, e.g., Monessen*, 486 U.S. at 335, 108 S.Ct. 1837.

## III

[¶ 26] The award of prejudgment (*past*) interest for *future* damages—damages which have not been incurred before the judgment but which will be incurred in the future—seems, however, wholly unreasonable. [2]

lost use of funds to which she is entitled prior to judgment. Since past damages represent the monetary equivalent of the harm suffered from the time of injury to the date of judgment, prejudgment interest is properly awarded on past damages as a means of fully compensating the plaintiff for the lost use of those funds prior to judgment. Future damages, however, represent

[¶ 27] Under North Dakota law, future damages are *discounted* to present value—an award to be paid today for future damages is less than the amount which would be paid in the future when the damages are actually incurred. *Geier v. Tjaden,* 74 N.W.2d 361, 365 (N.D.1955) (" 'The sum recoverable is not an amount equal to the total pecuniary benefits lost but it is limited to the present cash value thereof.' "); *Lake v. Neubauer,* 87 N.W.2d 888, 892 (N.D.1958) (appropriateness of verdict evaluated based on present value of future damages); *Farmers Union Federated Coop. Ship. Ass'n v. McChesney,* 251 F.2d 441 (8th Cir.1958) (future losses are reduced to their present cash value).

[¶ 28] Discounting is similar to interest, but it serves to reduce the amount of the award, rather than increase it. Discounting is used to determine what should be paid today to satisfy an obligation that will arise in the future. A statute allowing interest where discounting is allowed:

> overcompensates plaintiffs for future losses because it permits interest to accrue on those losses from the time of [injury], yet these future losses have been discounted to the time of judgment rather than to the time of [injury]. An investment of the present value of the future losses plus an amount representing pre-judgment interest on those losses will result in more funds in the plaintiff's account than the dollar amount of his losses.

Patrick J. McDivitt, *Comment, Pre-judgment Interest as an Element of Damages: Proposed Solutions for a Colorado Problem,* 49 U.Colo.L.Rev. 335, 340 (1977). Thus, awarding prejudgment interest on future damages violates the requirement to *reduce* future damages to present value.

[¶ 29] North Dakota's interest statute comes from California. N.D.C.C. § 32–03–05

the monetary equivalent of harm not yet suffered, but which is expected to be suffered "from the date of judgment forward in time." Thus, future damages are not retained by a defendant prior to judgment since such damages do not become due until the date of judgment. Accordingly, an award of prejudgment interest on future damages appears improper, because the defendant is forced to pay interest on funds not yet owed, which results in an apparent over-compensation of the plaintiff.

source note. The statute was initially included in the Dakota Territory Civil Code of 1877. At statehood it became part of the Compiled Laws of 1877 of both North Dakota and South Dakota. The language of North Dakota's and California's two sections is almost identical. *See* Cal. Civ. § 3288 (West 1997). In construing the California code, a court found the purpose of awarding prejudgment interest for unliquidated claims represents an increase of wealth which money or particular property could have produced during the same period. *U.S. v. Imperial Irr. Dist.,* 799 F.Supp. 1052 (S.D.Cal. 1992). Another court has said the underlying policy for awarding prejudgment interest is to compensate the injured and to make the party whole for the accumulation of wealth which could have been produced during the period of loss. *Cassinos v. Union Oil Co. of Cal.,* 14 Cal.App.4th 1770, 18 Cal.Rptr.2d 574 (Cal.Ct.App.1993).

[¶ 30] The California and South Dakota statutes provide guidance, because the wording is nearly identical to ours. *See* S.D. Codified Laws § 21–1–13 (Michie 1987). California and South Dakota's interpretation is also in line with Eighth Circuit, and other federal circuit, holdings. In *Valley Line Co. v. Ryan,* 771 F.2d 366, 377 (8th Cir.1985), the court stated "we agree that prejudgment interest should not be granted on damages awarded for future expenses...." The court also said "[t]he rationale for an award of prejudgment interest is restitution—of fully compensating an injured party for losses suffered and not awarded as a penalty." *Id.* Further, the court stated "we believe it is an abuse of discretion to award prejudgment interest on future damages." *Id.* (citing *Williams v. Reading & Bates Drilling Co.,* 750 F.2d 487, 491 (5th Cir.1985); *Hillier v. Southern Towing Co.,* 740 F.2d 583, 586 (7th

Dean Richard, Note, *"An Award Fit for Alice in Wonderland"—Texas Allows Prejudgment Interest on Future Damages: C & H Nationwide, Inc. v. Thompson,* 25 Tex. Tech. L.Rev. 955, 980 (1994) (citations omitted). Inspiration for this title comes from *In re Brooklyn Navy Yard Asbestos Litigation,* 971 F.2d 831, 852 (2d Cir.1992), where the court stated: "Prejudgment interest on postjudgment losses, an award fit for Alice in Wonderland, was in fact awarded to plaintiffs in district court."

Cir.1984); *Wyatt v. Penrod Drilling Co.*, 735 F.2d 951, 955 n. 3 (5th Cir.1984)). *See also Borges v. Our Lady of the Sea Corp.*, 935 F.2d 436, 444 (1st Cir.1991) (stating "[i]t is well established that prejudgment interest should not be awarded on damages for future loss, either liquidated or unliquidated."); *Williamson v. Handy Button Mach. Co.*, 817 F.2d 1290, 1298 (7th Cir.1987) (stating "[i]nterest is not available on lost future wages and pensions"); *Pickle v. International Oilfield Divers, Inc.*, 791 F.2d 1237, 1241 (5th Cir.1986) (stating "a victorious plaintiff has not suffered any delay in payment of [future damages], whether they have been discounted to present value or not, and hence there should be no prejudgment interest allowed on them"); *Deakle v. John E. Graham & Sons*, 756 F.2d 821, 834 (11th Cir.1985) (stating plaintiff shall be paid a certain amount "as lost future wages ... with no addition of 'interest' to be made"); *Petition of City of New York*, 332 F.2d 1006, 1008 (2d Cir.1964) (stating "[t]o the extent that there are elements of future losses which are represented in the final damages prejudgment interest is, of course, not appropriate"). Such an award does not serve the purpose of compensation for loss.

[¶ 31] While this Court has said it is within the discretion of the trier of fact to determine whether to award prejudgment interest, *Swain v. Harvest States Coop.*, 469 N.W.2d 571 (N.D.1991), this Court has never held prejudgment interest on future damages is within the fact finder's discretion.

## IV

[¶ 32] Some courts have also dealt with the issue of prejudgment interest on pain and suffering. In *Greater Westchester Homeowners Assoc. v. City of Los Angeles*, 26 Cal.3d 86, 160 Cal.Rptr. 733, 603 P.2d 1329, 1338 (Cal.1979), the California Supreme Court explained its rationale for excluding damages for intangible, non-economic damages:

> They are inherently nonpecuniary, unliquidated and not readily subject to precise calculation. The amount of such damages is necessarily left to the subjective discretion of the trier of fact. Retroactive inter-

est on such damages adds uncertain conjecture to speculation.

. . . .

Furthermore, a fact finder in assessing a claim of general damages for physical, mental and emotional suffering, possesses full authority to consider the duration of the alleged suffering. Accordingly, the disallowance of any interest on such a claim does not deprive the claimant of compensation for an element of actual damage. To the contrary, its allowance, in fact, may in a given case create a double recovery.

*See also Steinfeld v. Foote–Goldman Proctologic Medical Group, Inc.*, 60 Cal.App.4th 13, 70 Cal.Rptr.2d 41, 46 (Cal.Ct.App.1997) (interpreting Cal. Civ. § 3288 as precluding prejudgment interest because of the nonpecuniary, unliquidated, and uncertain nature of such damages); *Canavin v. Pacific Southwest Airlines*, 148 Cal.App.3d 512, 196 Cal. Rptr. 82, 91 (Cal.Ct.App.1983) (stating "*Greater Westchester* permits no award of prejudgment interest on the inherently nonpecuniary damages for mental and emotional injury.").

[¶ 33] South Dakota has also interpreted its statute. The South Dakota Supreme Court stated "[m]ental, physical, and emotional pain and suffering, and the loss of the enjoyment of life reflecting emotional distress, may not have prejudgment interest attached thereto because they do not constitute a loss or use of money or property and are inherently unliquidated." *Meyer v. Dixon Bros.*, 369 N.W.2d 658, 661 (S.D.1985). The opinion went on to hold that "nonpecuniary losses are not subject to enhancement by prejudgment interest in the jury's discretion under SDCL 21–1–13." *Id.*

[¶ 34] In 1990, while not amending § 21–1–13, South Dakota adopted specific legislation which codified *Meyer* and precludes prejudgment interest on noneconomic damages. *See* S.D. Codified Laws § 21–1–13.1 (Michie Supp.1998). "Prejudgment interest is not recoverable on future damages, punitive damages or intangible damages such as pain and suffering, emotional distress, loss of con-

sortium ... or loss of society and companionship." *Id.* Thus, statutes similar to North Dakota's do not allow for prejudgment interest for noneconomic damages.

### V

[¶ 35] The trial court abused its discretion by allowing prejudgement interest on future damages and on non-economic damages in this case, and I respectfully dissent.

[¶ 36] Dale V. Sandstrom