# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 54

Komikka Katrice Gregory,                 Petitioner and Appellant

      v.

State of North Dakota,                   Respondent and Appellee

## No. 20210307

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Gary H. Lee, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Chief Justice, in which Justices Crothers and Tufte joined. Justice VandeWalle filed an opinion concurring. Justice McEvers filed a dissenting opinion.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant; submitted on brief.

Christopher W. Nelson, Assistant State's Attorney, Minot, ND, for respondent and appellee; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Komikka Gregory appealed a district court order summarily dismissing her petition for post-conviction relief. Gregory argues the court erred in granting summary disposition because the State failed to make a separate motion. The State agrees that the matter should be reversed and remanded based on this Court's recent decision in *Chase v. State*, 2021 ND 206, 966 N.W.2d 557. We reverse and remand for further proceedings.

I

[¶2]   In 2018, a jury found Gregory not guilty of the charge of murder, but guilty of a charge of manslaughter. Gregory appealed her conviction and this Court affirmed. *State v. Gregory*, 2019 ND 241, 933 N.W.2d 469.

[¶3]   In August 2021, Gregory filed an application for post-conviction relief requesting her conviction be set aside and she be granted a new trial based on ineffective assistance of counsel. The State filed an answer which included a request for summary disposition under N.D.C.C. § 29-32.1-09. The district court deferred ruling on the motion for summary disposition and ordered Gregory to submit, within 30 days, declarations and other admissible evidence in support of her petition and opposition to the motion. With no response from Gregory, the court granted summary disposition.

II

[¶4]   Gregory and the State agree that this case should be remanded to the district court for further proceedings. While this case was on appeal, we decided *Chase v. State*, 2021 ND 206, 966 N.W.2d 557.

[¶5]   "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Chase*, 2021 ND 206, ¶ 8 (quoting *Wacht v. State*, 2015 ND 154, ¶ 6, 864 N.W.2d 740). In *Chase*, a majority of the Court held that a district court may not order summary disposition in response to a request in a pleading, including the State's answer to an application for

post-conviction relief. *Id.* at ¶ 11. Rather, the State is required to file a separate motion for summary disposition, notice of motion, and a brief in support of its motion. *Id.* at ¶ 8.

[¶6]   Here, it is clear from the record that the district court treated the State's answer as a motion for summary disposition. The State did not file a motion for summary disposition, brief in support of the motion, or a notice of motion. The State's actions in this case failed to comply with the North Dakota Rules of Civil Procedure and Rules of Court. Therefore, the court erred in granting summary disposition when the request was included in the State's answer.

## III

[¶7]   We reverse the order and remand for further proceedings.

[¶8]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Jerod E. Tufte

**VandeWalle, Justice, concurring.**

[¶9]   I concur in the result reached by the majority opinion because the State agreed that this matter should be reversed and remanded. If the State had not consented to a remand in this instance I would have signed Justice McEvers' dissent.

[¶10] Gerald W. VandeWalle

**McEvers, Justice, dissenting.**

[¶11] I respectfully dissent. Although the State did not strictly comply with our rules, under the facts of this case, any error was waived or was harmless. While not factually identical, this case is similar to *Chase v. State*, where the State filed a request for summary disposition in its answer and the petitioner failed to provide competent evidence warranting an evidentiary hearing. 2021 ND 206, ¶¶ 22-23, 966 N.W.2d 557 (McEvers, J., dissenting).  Similarly here, the State filed its motion within its response to Gregory's petition. The motion was not buried obscurely within the response, but was referenced in the first

sentence of the State's response. The petitioner had notice and an opportunity to respond to the State's motion, and failed to provide competent evidence warranting an evidentiary hearing.

[¶12] In *Chase*, a majority of this Court held a district court may not order summary disposition in response to a request in a pleading, including the State's answer to an application for postconviction relief, and instead required the State to file a separate motion, notice, and brief in support. 2021 ND 206, ¶ 11. When the defendant is otherwise on notice of the State's motion, and has an opportunity to respond, I continue to believe this requirement is form over substance.

[¶13] In this case, the State did not follow the procedural requirements of N.D.R.Ct. 3.2. However, after the State filed its answer containing a motion for summary disposition, the district court issued an order deferring its ruling on the motion for thirty days. The court ordered Gregory to "serve and file the declarations and other admissible evidence in support of her petition, and in opposition to the motion for summary disposition," within thirty days. When Gregory did not respond, the district court issued an order granting the State's motion and summarily dismissing Gregory's petition.

[¶14] We have previously held an applicant for postconviction relief must be given notice and an opportunity to respond and submit evidence to demonstrate there is a genuine issue of material fact before an application can be dismissed. *Wong v. State*, 2010 ND 219, ¶ 13, 790 N.W.2d 757. While the State did not file a separate motion for summary disposition, notice of motion, and brief in support of its motion, not only did the State's response provide notice of the issue, the district court's order affirmatively put Gregory on notice that she had been put to her proof. The court gave Gregory the opportunity to respond to the State's motion when the court ordered Gregory to supplement her petition with affidavits or other evidence demonstrating a genuine issue of material fact as required. *See Henke v. State,* 2009 ND 117, ¶ 11, 767 N.W.2d 881 (stating the petitioner must support the application with evidence if the State moves for summary disposition). The court's order imposed a duty on Gregory to serve and file declarations and other admissible evidence in support

3

of her petition, and in opposition to the motion for summary disposition, within thirty days. *See Ringsaker v. North Dakota Workers Comp. Bureau*, 2003 ND 122, ¶ 10, 666 N.W.2d 448 (discussing litigants' duty to comply with clearly communicated case-management orders). Gregory did not object or ask for additional time, and disobeyed or disregarded a direct order of the court by failing to respond.

[¶15] I cannot reconcile direct disobedience or disregard of a judicial order with anything short of waiver of the issue by Gregory. "[W]aiver may be based on silence on the part of a person who is under a duty to speak." 31 C.J.S. *Estoppel and Waiver* § 99 (2022). "[I]t is contrary to the principles of justice to permit one who has flaunted the orders of the courts to seek judicial assistance." *Johnson v. Johnson*, 2012 ND 31, ¶ 12, 812 N.W.2d 455; *see Dawes v. City of Grand Forks,* 243 N.W. 802, 805 (N.D. 1931) (stating "[i]t is axiomatic that acquiescence in error takes away the right of objecting to it.") "If every defendant were held to have the right to disobey any court order which is not to his liking, orderly legal procedure would cease to exist and chaos would result." *State v. Heath*, 177 N.W.2d 751, 755 (N.D. 1970).

[¶16] In addition, Gregory did not raise this issue in the district court. "Orderly judicial procedure would require anyone who disagrees with an order of the court, and who believes such order to be invalid, to test the validity thereof in court." *Heath*, 177 N.W.2d at 755. We should not consider an issue raised for the first time on appeal. *Messer v. Bender*, 1997 ND 103, ¶ 10, 564 N.W.2d 291 (citations omitted). The principle for the rule limiting appeal to issues raised in the trial court is based on the following:

> "[I]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Furthermore, it is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable."

*Id.* (quoting 5 Am.Jur.2d *Appellate Review* § 690 (1995) (footnotes omitted)). We have equated sitting by and doing nothing to invited error. *Id.* at ¶ 11

(discussing the need to raise an issue to give the trial court an opportunity to rule on it, "otherwise, it would behoove a defendant to sit by and invite error").

[¶17] Rule 61, N.D.R.Civ.P., requires us to "disregard all errors and defects that do not affect any party's substantial rights." Because Gregory did not show she was prejudiced by the procedure, and she failed to follow the district court's order, I would conclude her substantial rights were not affected and any procedural error in this case was harmless. I would affirm the court's order dismissing Gregory's petition because any error was waived or was harmless.

[¶18] Lisa Fair McEvers